UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| AFFCO New Zealand, Ltd., a Foreign corporation, )<br><br>Plaintiff, )<br><br>v. )<br><br>American Fine Food Corp., a New York )<br>Corporation, )<br><br>Defendant. ) | **CIVIL ACTION**<br>**NO. 10-CV-24105-JLK**<br><br>**ANSWER TO**<br>**COMPLAINT** |

Defendant, American Fine Food Corp. (hereinafter referred to as "Defendant"), through

its undersigned counsel, responds to the Complaint filed by Plaintiff AFFCO New Zealand, Ltd.

(hereinafter referred to as "Plaintiff") as follows:

1.      Defendant lacks knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations set forth in paragraph 1 of the Complaint and therefore denies

the same.

2.      Defendant denies the allegations set forth in paragraph 2 of the Complaint.

3.      Defendant admits the allegations set forth in paragraph 3 of the Complaint.

4.      Defendant admits the allegations set forth in paragraph 4 of the Complaint.

5.      Defendant admits the allegations set forth in paragraph 5 of the Complaint that

AFFCO "sells meat products in the United States under the trademark AFFCO". Defendant lacks

knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set

forth in paragraph 5 of the Complaint that "AFFCO is a leading producer of meat products" and

therefore denies the same.

6.      Defendant admits the allegations set forth in paragraph 6 of the Complaint that "American has used the trademark AFFCO on and in connection with a meat product, namely corned beef and hash, and at least as recently as 2006 was, using the mark AFFCO on and in connection with chicken Vienna sausage." Defendant denies the allegation in paragraph 6 that "the ordinary term for 'chicken Vienna sausage' would be chicken 'wieners.'"

7.      Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 7 of the Complaint that "[i]n the specimen submitted, it does not appear that any of the goods featured in the description of services are identified by any brand other than American's own" and therefore denies the same. Defendant admits the remaining allegations set forth in paragraph 7 of the Complaint.

8.      Defendant admits the allegations set forth in paragraph 8 of the Complaint.

9.      Defendant admits the allegations set forth in paragraph 9 of the Complaint.

10.      Defendant denies any remaining allegations set forth in paragraph 10 of the Complaint.

a.      Defendant denies "Paragraph C identifies certain products as having been sold by American, namely, 'corned beef' and 'chicken Vienna sausage'. Paragraph C of the Undertaking states, "American further acknowledges it has used the trademark AFFCO on and in connection with a meat product, namely, corned beef, and is currently using the mark AFFCO on and in connection with chicken Vienna sausage."

b.      Defendant admits that the Undertaking includes the language "file an amendment with the trademark office of each foreign country or countries, in which AFFCO currently has a valid mark AFFCO (either by itself or in conjunction with a logo)

2

for meat or meat products and American owns an application or registration for the mark AFFCO or any mark containing the mark AFFCO or the abbreviation AFF, to delete or expressly exclude all meat, fowl, fish and products containing meat, fowl or fish" in Paragraph E(3)(iv); however, Defendant denies that "American had an obligation to file an amendment with the trademark office of each foreign country or countries, in which AFFCO currently has a valid mark AFFCO (either by itself or in conjunction with a logo) for meat or meat products and American owns an application or registration for the mark AFFCO or any mark containing the mark AFFCO or the abbreviation AFF, to delete or expressly exclude all meat, fowl, fish and products containing meat, fowl or fish" in Paragraph E(3)(iv). Defendant denies any remaining allegations set forth in paragraph 10(b) of the Complaint.

c.     Defendant admits that the Undertaking includes the language "for meat, fowl or fish or products containing meat, fowl or fish" in the US and "each foreign country or countries in which AFFCO currently has a valid mark AFFCO (either by itself or in conjunction with a logo) for meat or meat products" in Paragraph E(4); however, Defendant denies that Defendants must discontinue use of its mark "for meat, fowl or fish or products containing meat, fowl or fish" in the US and "each foreign country or countries in which AFFCO currently has a valid mark AFFCO (either by itself or in conjunction with a logo) for meat or meat products" under Paragraph E(4) of the Undertaking. Defendant denies any remaining allegations set forth in paragraph 10(c) of the Complaint.

d.     Defendant admits that the Undertaking includes the language "and each foreign

3

country or countries in which AFFCO currently has a valid mark AFFCO (either by itself or in conjunction with a logo) for meat or meat products" in Paragraph E(5); however, Defendant denies that Defendant is prohibited from distribution and is required to destroy nonconforming packaging, advertising and the like in the US "and each foreign country or countries in which AFFCO currently has a valid mark AFFCO (either by itself or in conjunction with a logo) for meat or meat products" under Paragraph E(5) of the Undertaking. Defendant denies any remaining allegations set forth in paragraph 10(d) of the Complaint.

e.  Defendant admits that the Undertaking includes the language "never in the future use or register the mark AFFCO or any mark containing the term AFFCO" in the US "and each foreign country or countries in which AFFCO currently has a valid mark AFFCO" in Paragraph E(6); however, Defendant denies that Defendant is prohibited from certain use and registration by the obligation to "never in the future use or register the mark AFFCO or any mark containing the term AFFCO" in the US "and each foreign country or countries in which AFFCO currently has a valid mark AFFCO" under Paragraph E(6). Defendant denies any remaining allegations set forth in paragraph 10(e) of the Complaint.

f.  Defendant admits that the Undertaking includes the language "and each foreign country or countries in which AFFCO currently has a valid mark AFFCO" in Paragraph E(7); however, Defendant denies that Defendant is prohibited from using similar marks, in the US "and each foreign country or countries in which AFFCO currently has a valid mark AFFCO" under Paragraph E(7). Defendant denies any remaining allegations set forth in paragraph 10(f) of the Complaint.

g.      Defendant admits that the Undertaking includes the language "and each foreign

country or countries in which AFFCO currently has a valid mark AFFCO" in

Paragraph E(9); however, Defendant denies that any alleged use and registration

restrictions prohibit use or registration in any language in the US "and each

foreign country or countries in which AFFCO currently has a valid mark AFFCO"

under Paragraph E(9).  Defendant denies any remaining allegations set forth in

paragraph 10(g) of the Complaint.

11.     Defendants admit that Exhibit H is expressly referenced in Paragraph E(13) of the

Undertaking.  Defendant denies the remaining allegations set forth in paragraph 11 of the

Complaint because Plaintiff may not in fact own valid marks in the foreign countries listed.

12.     Defendants admit that Exhibit H of the Undertaking, entitled "TERRITORIES IN

WHICH AFFCO NEW ZEALAND LIMITED OWNS THE MARK AFFCO" lists North

America, Europe, Russia, Northern Asia, Southeast Asia, New Zealand, South Pacific Islands,

United Arab Emirates, Jordan, and Saudi Arabia; however, Defendant denies the allegations set

forth in paragraph 12 of the Complaint because Plaintiff may not in fact own valid marks in the

foreign countries listed.

13.     Defendant admits the allegations set forth in paragraph 13 of the Complaint.

14.     Defendant denies the allegations set forth in paragraph 14 of the Complaint

"[correspondences between Counsel for AFFCO and Counsel for American addressed

confirmation of American's performance of obligations under the contract]."  Defendant admits

the remaining allegations set forth in paragraph 14 of the Complaint.

15.     Defendant lacks knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations set forth in paragraph 15 of the Complaint.

16.     Defendant admits the allegations set forth in paragraph 16 of the Complaint.

17.     Defendant admits the allegations set forth in paragraph 17 of the Complaint.

## COUNT ONE

### (Breach of Contract)

18.     Defendant repeats and re-alleges Defendant's answers in paragraphs 1-19 of the
Answer to Complaint in response to paragraphs 1-19 of the allegations set forth in the
Complaint.

19.     Defendant denies the allegations set forth in paragraph 19 of the Complaint.

20.     Defendant denies the allegations set forth in paragraph 20 of the Complaint.

21.     Defendant denies the allegations set forth in paragraph 21 of the Complaint.

22.     Defendant denies the allegations set forth in paragraph 22 of the Complaint.

## COUNT TWO

### (Specific Performance)

23.     Defendant repeats and re-alleges Defendant's answers in paragraphs 1-23 of the
Answer to Complaint in response to paragraphs 1-23 of the allegations set forth in the
Complaint.

24.     Defendant denies the allegations set forth in paragraph 24 of the Complaint.

25.     Defendant denies the allegations set forth in paragraph 25 of the Complaint.

26.     Defendant denies the allegations set forth in paragraph 26 of the Complaint.

## COUNT THREE

### (Trademark Infringement)

27.     Defendant repeats and re-alleges Defendant's answers in paragraphs 1-27 of the
Answer to Complaint in response to paragraphs 1-27 of the allegations set forth in the

Complaint.

28.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 28 of the Complaint that "the word AFFCO is the dominant feature".   Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 28 of the Complaint that "AFFCO owns valid and subsisting United States Registration No. 2,474,722."

29.     Defendant denies the allegations set forth in paragraph 29 of the Complaint.

30.     Defendant denies the allegations set forth in paragraph 30 of the Complaint.

31.     As to any remaining allegations in paragraphs 1 through 30 of the Complaint that Defendant has not specifically denied, Defendant denies such remaining allegations.

## AFFIRMATIVE DEFENSE ONE

### (Non-Infringement)

32.     Defendant re-alleges the answers and allegations in paragraphs 1-31 of the Answer to the Complaint.

33.     Defendant alleges that Defendant has not infringed Plaintiff's trademark AFFCO & Design of U.S. Trademark Registration No. 2474722.

34.     Specifically, Defendant alleges that Defendant's use of Defendant's trademark AFFCO & Design of U.S. Trademark Registration No. 3097027 does not infringe Plaintiff's trademark AFFCO & Design of U.S. Trademark Registration No. 2474722.

35.     Defendant alleges that there is no likelihood of confusion between Plaintiff's trademark AFFCO & Design of U.S. Trademark Registration No. 2474722 and Defendant's trademark AFFCO & Design of U.S. Trademark Registration No. 3097027.

36.     Plaintiff's trademark AFFCO & Design of U.S. Trademark Registration No.

2474722 has a sufficiently different meaning.

37.     Defendant's trademark AFFCO & Design of U.S. Trademark Registration No. 2474722 is an acronym for American Fine Food Corporation.

38.     Plaintiff's trademark AFFCO & Design of U.S. Trademark Registration No. 2474722 does not have the meaning American Fine Food Corporation.

39.     Plaintiff's trademark AFFCO & Design of U.S. Trademark Registration No. 2474722 has a sufficiently different commercial impression.

40.     Plaintiff's trademark AFFCO & Design of U.S. Trademark Registration No. 2474722 includes a Southern cross design.

## AFFIRMATIVE DEFENSE TWO

### (Failure to Mitigate Damages)

41.     Defendant re-alleges the answers and allegations in paragraphs 1-31 and 33-40 of the Answer to the Complaint.

42.     Plaintiff failed to mitigate any alleged damages.

## AFFIRMATIVE DEFENSE THREE

### (Mutual Mistake)

43.     Defendant re-alleges the answers and allegations in paragraphs 1-31, 33-40, and 42 of the Answer to the Complaint.

44.     Defendant alleges that the Undertaking is unenforceable and/or voidable based on mutual mistake.

45.     Defendant alleges that there was a mutual mistake of fact regarding the extent of the use and ownership of the Plaintiff's trademark in foreign countries

46.     Defendant alleges that the mutual mistake of fact regarding the extent of the use

8

and ownership of the Plaintiff's trademark in foreign countries was a basic assumption on which the contract was made.

47.     Defendant alleges that the Undertaking does not accurately express the true intent or agreement of the parties to the Undertaking.

48.     Defendant alleges that the Undertaking should be rescinded due to mutual mistake of fact.

49.     Defendant alleges that Defendant is not obligated to perform any of the terms of the Undertaking because the Undertaking should be rescinded based on mutual mistake of fact.

## AFFIRMATIVE DEFENSE FOUR

### (Unilateral Mistake)

50.     Defendant re-alleges the answers and allegations in paragraphs 1-31, 33-40, 42, and 44-49 of the Answer to the Complaint.

51.     Defendant alleges that Plaintiff intentionally misrepresented that Plaintiff's use and ownership of a trademark in foreign countries.

52.     Defendant alleges that the Undertaking is not enforceable based on unilateral mistake and/or Plaintiff's intentional misrepresentation regarding Plaintiff's use and ownership of a trademark in foreign countries.

53.     Defendant alleges that Defendant was mistaken regarding the extent of the use and ownership of the Plaintiff's trademark in foreign countries.

54.     Defendant alleges that Defendant's mistake of fact regarding the extent of the use and ownership of Plaintiff's trademark in foreign countries was a basic assumption on which the contract was made.

55.     Defendant alleges that the Undertaking does not accurately express the true intent

or agreement of the parties to the Undertaking.

56.     Defendant alleges that the Undertaking should be rescinded due to Defendant's mistake of fact.

57.     Defendant alleges that Defendant is not obligated to perform any of the terms of the Undertaking because the Undertaking should be rescinded based on Defendant's mistake of fact.

## AFFIRMATIVE DEFENSE FIVE

### (Unclean Hands)

58.     Defendant re-alleges the answers and allegations in paragraphs 1-31, 33-40, 42, 44-49, and 51-57 of the Answer to the Complaint.

59.     Defendant alleges that Plaintiff's requests for equitable relief are barred based on unclean hands.

## AFFIRMATIVE DEFENSE SIX

### (Specific Performance Improper)

60.     Defendant re-alleges the answers and allegations in paragraphs 1-31, 33-40, 42, 44-49, 51-57, and 59 of the Answer to the Complaint.

61.     Defendant alleges, that even if meat products were deleted from many of the registrations, Plaintiff would not be allowed to register the mark AFFCO in many foreign countries.

62.     Many countries, including Saudi Arabia, reject trademark applications if a prior registrant such as Defendant has any goods in a specified class that an applicant seeks to register a trademark.

63.     These countries reject trademark applications based on specific international

10

classes.

64.     Defendant alleges that specific performance is improper because the Undertaking is unenforceable and/or void.

65.     Defendant alleges that specific performance is improper based on mistake of fact, Plaintiff's misrepresentation, Defendant's hardship, and/or Plaintiff's unclean hands.

## COUNTERCLAIM ONE

### (Declaratory Judgment of Non-Infringement)

66.     Defendant re-alleges the answers and allegations in paragraphs 1-31, 33-40, 42, 44-49, 51-57, 59, and 61-65 of the Answer to the Complaint.

67.     Defendant seeks a declaration of trademark rights under the Lanham Act, 15 U.S.C. § 1051 *et seq.*

68.     Defendant seeks a declaration that Defendant does not infringe Plaintiff's trademark.

69.     This counterclaim for a declaratory judgment of non-infringement arises under 15 U.S.C. § 1051, *et seq.*

70.     Defendant alleges that this Court has subject matter jurisdiction over this declaratory judgment action under 28 U.S.C. §§ 1331, 1338, and 1367 and 15 U.S.C. § 1121.

71.     Defendant alleges that a case or actual controversy exists within this Court's jurisdiction regarding the trademark rights of Plaintiff and Defendant.

72.     Plaintiff has sent correspondences that have created the case or actual controversy in this jurisdiction.

73.     Plaintiff filed a Complaint against Defendant in this jurisdiction for breach of contract, trademark infringement, and specific performance.

74.     Defendant alleges that this Court may declare the trademark rights of Plaintiff and Defendant pursuant to 28 U.S.C. §§ 2201-2202.

75.     Defendant alleges that this Court has personal jurisdiction over Plaintiff because Plaintiff has subjected itself to the jurisdiction of this Court.

76.     Defendant is a Florida corporation with its principal place of business at 2335 NW 107th Avenue, Suite 128, Doral Florida 33172.

77.     Venue is appropriate under 15 U.S.C. § 1391.

78.     Defendant alleges that Defendant is entitled to a declaratory relief that Defendant has not infringed Plaintiff's trademark.

## PRAYER FOR RELIEF

WHEREFORE, Defendant requests this Court:

A.     Dismiss Plaintiff's Complaint;

B.     Enter judgment in Defendant's favor and against Plaintiff for all elements of relief sought and on all claims asserted in Plaintiff's Complaint;

C.     Rescind the Undertaking;

D.     Enter a judgment declaring that Defendant does not infringe Plaintiff's trademark;

E.     This Court award attorney's fees to Defendant under 15 U.S.C. § 1117;

F.     This Court award Defendant's costs and expenses incurred in this action; and

G.     Grant such relief to Defendant as the Court deems just and proper.

## DEMAND FOR JURY

Defendant demands a trial by jury on Defendant's counterclaim.

Dated: January 18, 2011

Respectfully submitted,

By:__/s/ Matthew S. Nelles_____
MATTHEW S. NELLES
Florida Bar No. 009245
mnelles@broadandcassel.com
BROAD & CASSEL
One Financial Plaza, Suite 2700
100 S.E. 3rd Avenue
Ft. Lauderdale, FL 33394
(954) 764-7060
(954) 761-8135 (fax)

ARLEN L. OLSEN (*pro hac vice* pending)
SCHMEISER, OLSEN & WATTS, LLP
22 Century Hill, Suite 302
Latham, New York 12110
Telephone: (518) 220-1850
Facsimile: (518) 220-1857
aolsen@iplawusa.com

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 18th day of January, 2011, I electronically filed the foregoing Answer to Complaint with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record on the following Service List via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By:   /s/ Matthew S. Nelles
MATTHEW S. NELLES

## SERVICE LIST

John O. Sutton, Esq.
JAMERSON & SUTTON LLP
2655 Le Jeune Road
Penthouse 2
Coral Gables, Florida 33134
Tele: (305) 448-1295
Fax: (305) 446-5236
alex@jamersonsutton.com

Avid C. Brezina, Esq.
Ladas & Parry LLP
224 S. Michigan Avenue
Suite 1600
Chicago, IL   60604

Arlen L. Olsen, Esq. (*pro hac vice* pending)
SCHMEISER, OLSEN & WATTS, LLP
22 Century Hill, Suite 302
Latham, New York 12110
Telephone: (518) 220-1850
Facsimile: (518) 220-1857
aolsen@iplawusa.com