UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

AFFCO New Zealand, Ltd., a Foreign corporation

        Plaintiff,

vs.

American Fine Foods Corp., a Florida corporation

        Defendant.

CIVIL ACTION NO.: 10-CV-24105-JLK

**MEMORANDUM OF PLAINTIFF OPPOSING PARTIAL SUMMARY JUDGMENT AND SUPPORTING MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

      NOW COMES Plaintiff AFFCO New Zealand, Ltd, ("AFFCO") by its attorneys John O. Sutton and Alex Pastukh of Jamerson & Sutton LLP, and David C. Brezina, *pro hac vice*, of Ladas & Parry LLP and respectfully file this MEMORANDUM OPPOSING PARTIAL SUMMARY JUDGMENT AND SUPPORTING MOTION FOR LEAVE TO FILE AMENDED COMPLAINT.  AFFCO's Motion for Leave to File an Amended Complaint pursuant to F.R.Civ.P. 15 (a)(2) was filed December 23, 2011.  A Statement of Material Facts and documents not already in the record accompany this Memorandum.

**Procedural Background**

      This case was filed November 16, 2010.  An Answer was filed January 18, 2011. Since that time the parties have been engaged in discovery.  On November 28, 2011 Defendant American Fine Foods Corp. ("American Fine") filed a MOTION FOR

1

PARTIAL SUMMARY JUDGMENT, with NOTICE, MEMORANDUM and EXHIBITS.  By agreed Motion, the Court extended time for response to January 7, 2012.

Plaintiff believes that if Leave to Amend is Granted, and the Amended Complaint entered, the issues raised in the MOTION FOR PARTIAL SUMMARY JUDGMENT will be rendered procedurally moot, and the issues will also be substantively met.   In the alternative, the Uncontested Facts establishing the facts, overlooked by Defendant, that: (1) Defendant has in the past sold meat products under the trademark at issue, and (2) Defendant operates retail stores in Miami under the AFFCO mark, when considered in light of (3) Defendant's claimed discontinuance of use and (4) ability to divert to its retail stores meat products it admits having manufactured and shipped, Plaintiff should be entitled to an injunction preserving what Defendant contends is the *status quo*: no current US sales of meat under AFFCO

**Summary of the Litigation**

Plaintiff is a New Zealand based farmers' cooperative that has been exporting meat products from New Zealand to various parts of the world since the early part of the twentieth century, and to the Middle East since 1947.  Defendant operates retail grocery stores in Miami, and apparently also distributes product in Saudi Arabia.  This case arises out of rights flowing from Plaintiff AFFCO's US Federal Registration No. 2,474,722 for AFFCO And Device (Docket Entry 16-5) which includes the word AFFCO over a bar and a Southern Cross design which formed the basis for an administrative Opposition to US Federal trademark application Serial No. 76-463007 which application sought to register AFFCO And Device to Defendant, American Fine. (Complaint, Docket No. 1, Paragraph 8, American Fine's Answer and Counterclaim, Docket No. 4, Paragraph 8)  The parties entered into a settlement agreement, entitled the "Undertaking" which

2

included terms, the writing of which do not appear in dispute. As a result of that settlement American Fine amended its application and obtained US Federal Trademark Reg. No. 3,097,027 (Id. Paragraph 9) for "<u>Retail stores</u> featuring cereals, mayonnaise, salad dressings; sauces, namely, hot sauce, BBQ sauce, steak sauce, Worcestershire sauce; spices/salt, mustard, vinegar, food coloring, vegetable shortening, canned vegetables, beans, peanut butter, pickles, canned juices, fruit pie fillings, honey, bread crumbs, potato flakes, expressly excluding meat[1], fowl or fish and products containing meat, fowl or fish; paper products, namely, cups, plates, foam cups, plastic cups; lighter fluid; and export agencies featuring cereals, mayonnaise, salad dressings; sauces, namely, hot sauce, BBQ sauce, steak sauce, Worcestershire sauce; spices/salt, mustard, vinegar, food coloring, vegetable shortening, canned vegetables, beans, peanut butter, pickles, canned juices, fruit pie fillings, honey, bread crumbs, potato flakes, expressly excluding meat, fowl or fish and products containing meat, fowl or fish; paper products, namely, cups, plates, foam cups, plastic cups; lighter fluid." (emphasis added)

The Undertaking states that American Fine shall "file an amendment with the trademark office of each foreign country or countries, in which AFFCO currently has a valid mark AFFCO (either by itself or in conjunction with a logo) for meat or meat products and American owns an application or registration for the mark AFFCO or any mark containing the mark AFFCO or the abbreviation AFF, to delete or expressly exclude all meat, fowl or fish and products containing meat, fowl or fish". American Fine has not filed such an amendment in Saudi Arabia. (Id. Paragraphs 16 – 17, see also

---

[1] The "exclusion" affects the right of American to obtain presumptions of rights from the registration – typically used against others – the "exclusion" from its own registration does not govern the types of products that may be sold in American's retail grocery stores because registrations are not "permissive".

3

Defendant's Statement of Uncontested Facts, 30, 31, see also Defendant's Tandon Affidavit Paragraph 7)

Importantly, in its Motion for Partial Summary Judgment, Defendant glosses over two admitted facts:

1.      American has used the trademark AFFCO on and in connection with a meat product, namely corned beef and hash, and at least as recently as 2006 was, using the mark AFFCO on and in connection with chicken Vienna sausage.  (Complaint, Docket No. 1, Paragraph 6, American Fine's Answer and Counterclaim, Docket No. 4: "Defendant admits the allegations set forth in paragraph 6 of the Complaint that "American has used the trademark AFFCO on and in connection with a meat product, namely corned beef and hash, and at least as recently as 2006 was, using the mark AFFCO on and in connection with chicken Vienna sausage.")

2.      American operates retail stores in Commerce under its mark AFFCO. Complaint, Docket No. 1, Paragraph 7, American Fine's Answer and Counterclaim, Docket No. 4, paragraph 7; Defendant's Exhibit 6, Docket 16-6, Reg. No. 3,097,027)

While it may be that Defendant is not currently selling canned meat under the mark AFFCO in the US, the facts that it has sold meat under the mark in the past, currently operates retails stores in Miami, currently manufactures the product and currently ships the product make this a much different case than Defendant would have the court believe.  This is not a case of "incidental" contact with the US, this is a case of a retailer and business operator being present in the US and having the history, means and opportunity to infringe Plaintiff's trademark in the US – all those shipments from Brazil have to do is be diverted and they can find themselves on store shelves at Defendant's US stores.

4

**Overview of the Counts in the Amended Complaint and Their Relationship to the Summary Judgment Issues**

The Complaint and the Amended Complaint are organized setting for allegations about the Parties, Jurisdiction and Venue and Facts Common to All Counts, followed by the specific Counts.

Counts I and II in both alleged Breach of Contract and Specific Performance[2]. Count III in both alleges Trademark Infringement. Count IV appears for the first time in the Amended Complaint and pleads this Court's power to Cancel American's Trademark Reg. No. 3,097,027 and/or resume the Trademark Opposition. The essential premises are:

(1) if there is a contract in settlement between the parties, it has been breached (Count I) and Specific Performance should be ordered (Count II), but

(2) if there is no contract in settlement between the parties, then American Fine has no permission to sell or threaten to resume selling meat in the US under AFFCO (Count III), and

(3) if there is no settlement, then American Fine's registration should be cancelled and the Trademark Opposition should be picked up anew.

It became apparent, for the first time, with the Declaration in support of the Motion for Summary Judgment, that American Fine claims it does not presently sell meat under AFFCO in the US. American Fine, therefore argues there is no Federal jurisdiction based on the conservative pleading in the original Count III, namely that American Fine was currently selling meat under the mark AFFCO.

---

[2] AFFCO has sold meat in the Middle East since 1947, in Saudi Arabia since at least as early as 1983 and has sales in Saudi Arabia that satisfy the diversity jurisdiction amount, so the breach of contract and specific performance issues would remain before this Court even if the Undertaking did not implicate Federal Trademark law.

5

**Discussion Of Amended Complaint**

The Amended Complaint <u>mainly</u> addresses this new development – pointing out essentially that there were apparently sales of meat in the past (Complaint, Paragraph 6. "American has used the trademark AFFCO on and in connection with a meat product, namely corned beef and hash, and at least as recently as 2006 was, using the mark AFFCO on and in connection with chicken Vienna sausage. ….", Answer, Paragraph 6 "ANSWER:   Defendant admits the allegations set forth in paragraph 6 of the Complaint that "American has used the trademark AFFCO on and in connection with a meat product, namely corned beef and hash, and at least as recently as 2006 was, using the mark AFFCO on and in connection with chicken Vienna sausage, … .") American operates retail food store operations in the US (Reg. No. 3,097,027) and American has meat packed under the mark AFFCO in Brazil and shipped to, among other places, Saudi Arabia.  Essentially, Counts I and II follow the first premise – if there is a settlement, American Fine should live up to it, while Count III, based on updated common facts, alleges, if there was no settlement, then American Fine (a) infringed by selling meat under the AFFCO mark in the past; (b) can easily infringe in the future by simply diverting the admitted made, packed and labeled AFFCO meat when they go past Miami, to be delivered in American Fine's stores under the Service mark AFFCO and (c) the sale of food products under the Service mark generally can infringe.

The other "new" developments, since the original Complaint, are Affirmative Defense Three (Mutual Mistake) and Affirmative Defense Four (Unilateral Mistake)[3] Taken at face value, and presented here *arguendo*, these allegations theoretically could make the Undertaking – the settlement which was a condition precedent to the dismissal

---

[3]  As originally plead, these affirmative defenses do not likely have the particularity required.

of the Trademark Opposition and the grant of American Fine's registration – a nullity.  If there was no settlement, then the parties should be put in the position they were before the Undertaking – the legal equivalent of a pending Opposition – which this Court has the power to do under the Federal Trademark Act, 15 U.S.C. § 1119.  This is alleged in Count IV.

The Amended Complaint does not literally follow all the paragraphs of the original Complaint.  Where later information has shown incorrect allegations, or Defendant's admissions and partial denials permit enhanced clarity, changes have been made.  In substance, the changes are designed for better accuracy and to enable more clear indication of what allegations are truly at issue.

**Legal Analysis of Amendment Supporting Grant of Leave to Amend**

Rule 15 (a) (2) F.R.Civ.P. provides in relevant part *"….a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires*."

Ordinarily, when a motion for leave to file an amended complaint is filed, the burden is on the party opposing the amendment to show why amendment should not be permitted. *Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

Leave to Amend is promptly sought to address facts recently presented by Defendant.  Amendment will resolve the issue presented in the Motion for Partial Summary Judgment.  The form of the Amended Complaint is believed to better track the facts and permit more ready answer or denial without qualification.

### Time to Answer

For administrative ease, in its Motion for Leave AFFCO requests that American Fine answer within 20 days.

### Response to Summary Judgment

The only facts brought out in Defendant's Motion for Summary Judgment are what it does not do, currently, in the US.  This means, Defendant submits, there is no impact on commerce.  More important for jurisdiction are the facts that it has, in the past, sold meat, and it does operate retail grocery stores in the US,  within the jurisdiction of this Court.   The Complaint is organized to include facts that relate to all counts.   These include the fact of past sales of meat and the fact of operating the US retail stores.   While current sale of meat would be direct infringement, the effect on commerce can be found looking to the Complaint as a whole.

The extraterritorial acts are making the product in Brazil, shipping to Saudi Arabia, and selling there.  Defendant says it manages from Lebanon, as well.  But something it manages are US retail stores.  The service mark registration for those was the original issue between the parties.   Defendant pretends those do not exist, although it admits they must by its submitting its US Service mark registration.   We are not provided with shipping details – we don't know if transport is literally by ship or by air – but this is really no matter as either mode of transportation can terminate in Miami.

The second circuit found that *Steele v. Bulova Watch Co.*, 344 U.S. 280, 286, 73 S.Ct. 252, 255-56, 97 L.Ed. 319 (1952) established a "three-part test for analyzing extraterritorial extensions of the Lanham Act. To apply the Act a court must be able to answer affirmatively the following questions: (1) does defendant's conduct have a substantial effect on United States commerce; (2) is defendant a United States citizen;

8

and (3) is there an absence of conflict with trademark rights established under foreign law?" *Fun-Damental Too Ltd. v. Gemmy Industries Corp*. 111 F.3d 993, 42 USPQ2d 1348, 1358 (2d Cir, 1997)  Applying this test to the conduct, if a US grocery retailer direct that product is made in Brazil that would infringe if sold in the US, and if the US grocery retailer ships that product from Brazil "past" Miami, is there enough involvement in US commerce to find jurisdiction over that US resident retailer, a Florida Corporation? The answer should be a definitive "yes."   The connection with US commerce is substantial, and saying it is all foreign is fiction.

The Fifth Circuit applied the same approach to find jurisdiction: "[1] the citizenship of the defendant, [2] the effect on United States commerce, and  [3] the existence of a conflict with foreign law." *American Rice, Inc. v. Arkansas Rice Growers Coop. Ass'n*, 701 F.2d 408, 218 USPQ 489  (5th Cir. 1983).  This is current law, *Gallup, Inc. v. Business Research Bureau (Pvt.)*, 688 F. Supp.2d 915 (N.D. Cal., 2010), but unlike *Gallup*, Defendant's motion must fail as it (1) is a Florida Corporation that (2) operates retail stores in the US; (3) the retail stores are grocery stores operating under AFFCO; (3) at some point in the past Defendant has "used the trademark AFFCO on and in connection with a meat product, namely corned beef and hash" and (4) Defendant has made AFFCO canned meat in Brazil and ships it past its Miami stores.   The only connection between the mark and the US in *Gallup* was the viewing of a website.  Here, the retail store operating, Florida Corporation, Defendant has abundant US connections, in commerce, relating to the use of the mark AFFCO.

*Sterling Drug, Inc. v. Bayer AG*, 14 F.3d 733 (2d Cir. 1994) enjoined advertisements as infringing — satisfying both the "use in commerce" and the likely confusion standards — in the U.S. even if the defendant there did not actually sell its

9

products in the U.S. Here, however, we have a Defendant who operates stores in the US. All we need to consider is "territorial" – we need not enjoin foreign acts such as making product in Brazil and shipping to Saudi Arabia – we only need to consider the presence in the US and potential importation into the US, such as to those stores, which clearly "are likely to have significant trademark-impairing effects on United States commerce." *Id*[4].

WHEREFORE, Plaintiff AFFCO submits that (1) if this Court to enter an Order granting Leave for AFFCO to file an Amended Complaint and ordering American Fine to answer within 20 days then Summary Judgment is Moot; but (2) there is more than an adequate connection to find that the operator of US retail stores, who has sold meat under the mark, and is currently having it made and shipped, is engaged in commerce.

Dated:  January 5, 2012                                   Respectfully submitted,

/s/ John O. Sutton
John O. Sutton
Florida Bar. No. 245380
alex@jamersonsutton.com
JAMERSON & SUTTON LLP
2655 Le Jeune Road
Penthouse 2
Coral Gables, FL 33134
Tel: (305) 448-1295
Fax: (305) 446-5236
Counsel for Plaintiff

Of Counsel:

---

[4] There may currently be a record sufficient to enjoin defendant's importation of AFFCO canned meat.  Notably, the reason this case was filed was initially Defendant's breach of contract (Complaint, Docket No. 1 Paragraphs 16, 17, American Fine's Answer and Counterclaim, Docket No. 4 Paragraphs 16, 17).   If Defendant could be trusted to live up to contractual obligations, there might be low risk of irreparable harm to Plaintiff.  Here, however, Defendant admits it has not performed pursuant to the settlement Undertaking.  Based on Defendant's admissions, there looks to have been infringing activity in the past ("used the trademark AFFCO on and in connection with a meat product, namely corned beef and hash") but based on present submissions, there is no hardship if further importation is enjoined.   All the elements of a permanent injunction could be found based on Defendant's admissions.  *eBay, Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).

David C. Brezina
Ladas & Parry LLP
224 S Michigan Ave.
Suite 1600
Chicago, IL 60604
(312) 427-1300

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 5, 2012 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/S John O. Sutton
John O. Sutton, Esq.

## SERVICE LIST
### AFFCO NEW ZEALAND, LTD., V. AMERICAN FINE FOOD CORP.
### CASE NO.: 10-CIV-24105-JLK
United States District Court for the Southern District of Florida

Matthew S. Nelles, Esq.
Florida Bar No.: 009245
mnelles@broadandcassel.com
Broad & Cassel
One Financial Plaza, Ste. 2700
100 S.E. 3rd Ave.,
Ft. Lauderdale, FL 33394
Tel:  (954) 764-7060
Fax:  (954) 761-8135
Counsel for Defendant

Arlen L. Olsen, Esq.
Schmeiser, Olsen & Watts, LLP
aolsen@iplawusa.com
22 Century Hill, Ste. 302
Latham, NY 12110
Tel:  (518) 220-1850
Fax: (518) 220-1857
Counsel for Defendant

David C. Brezina, Esq.
Ladas & Parry, LLP
dbrezina@ladas.net
224 S. Michigan Avenue, Ste. 1600
Chicago, IL 60604
Tel:  (312) 427-1300
Counsel for Plaintiff