**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

| | |
|---|---|
| AFFCO New Zealand, Ltd., a Foreign corporation | :   CIVIL ACTION NO.: 10-CV-24105-JLK |
| Plaintiff, | : |
| vs. | : |
| American Fine Foods Corp., a Florida corporation | : |
| Defendant. | : |

## PLAINTIFF AFFCO'S STATEMENT OF MATERIAL FACTS

Plaintiff AFFCO New Zealand, Ltd. ("AFFCO") submits the following statement of

Material Facts, which include, 1 – 45 the proposed Material Facts of American Fine Foods Corp

("American Fine") but with objected to portions stricken using the strikethrough font ("——")

and new portions shown as undercored ("____") and 46 – 62, Material Facts propounded by

AFFCO:

### AFFCO'S AMENDED MATERIAL FACTS BASED ON
### AMERICAN FINE'S VERSION

1. American Fine Food Corp.'s canned meats do not currently pass through U.S.

commerce. See Amoudi Decl. ¶¶ 9, 13-17, 19.

2. American Fine Food Corp.'s canned meats are not currently present at American Fine

Food Corp.'s business in Florida. See Amoudi Decl. ¶ 15.

3. American Fine Food Corp. does not currently ship and export canned meats from the

United States. See Amoudi Decl. ¶ 17.

4. American Fine Food Corp. currently ships and exports canned meats from foreign

1

countries to Saudi Arabia for sale in Saudi Arabia. See Amoudi Decl. ¶ 19.

5. American Fine Food Corp.'s canned meats are not <u>currently</u> processed, packaged, labeled, and/or shipped from the United States for consummation of sale in Saudi Arabia. See Amoudi Decl. ¶ 13, 17.

6. American Fine Foods Corp.'s canned meats are <u>currently</u> processed, manufactured, packaged, labeled, and/or shipped from foreign countries for consummation of sale in Saudi Arabia. See Amoudi Decl. ¶ 19.

7. Although American Fine Food Corp. is a U.S. corporation, the officers direct the corporation from Lebanon. See Amoudi Decl. ¶¶ 1-4, 6. <u>American Fine Food Corp. has an Office Manager, and has retail stores, in Florida. (See Docket 16-6, Reg. No. 3,097,027, Tandon Affidavit, notarized in Florida)</u>

8. American Fine Food Corp. owns a Saudi Arabian trademark registration. See Amoudi Decl. ¶ 7, Ex. 7.

9. American Fine Food Corp.'s canned meats do not <u>currently</u> pass through U.S. foreign trade zones. See Amoudi Decl. ¶¶ 9, 17, 19.

10. American Fine Food Corp. does not <u>currently</u> export canned meats from the United States. See Amoudi Decl. ¶ 17.

11. American Fine Food Corp.'s canned meats are packaged in Brazil, Taiwan, and Holland <u>and are currently</u> for export to and sale in Saudi Arabia. See Amoudi Decl. ¶ 19.

12. AFFCO New Zealand Ltd. is a New Zealand Corp.. Compl. ¶ 1.

13. ~~American Fine Food Corp.'s foreign activities have no substantial effect on U.S. commerce.~~

14. American Fine Food Corp. is a U.S. Corp.. See Amoudi Decl. ¶¶ 7-9, 19-22, Ex. 7.

15. ~~American Fine Food Corp.'s sale of canned meats in Saudi Arabia does not have a~~

~~substantial effect on U.S. commerce. See Amoudi Decl. ¶¶ 9, 19-22.~~

16. American Fine Food Corp. does not <u>currently</u> purchase any materials from the United States for manufacture of canned meat in a foreign country. See Amoudi Decl. ¶ 22.

17. American Fine Food Corp.'s activities are directed by officer, Fadi Amoudi, from Lebanon. See Amoudi Decl. ¶¶ 1-4, 6 <u>American Fine Food Corp. has an Office Manager, and has retail stores, in Florida. (See Docket 16-6, Reg. No. 3,097,027, Tandon Affidavit, notarized in Florida)</u>

18. American Fine Food Corp.'s canned meats are not <u>currently</u> filtered into the United States. See Amoudi Decl. ¶¶ 19-21.

19. AFFCO New Zealand Ltd. is a New Zealand Corp. ~~and no alleged infringement in Saudi Arabia affects an American Corp..~~ See Compl. ¶ 1.

20. American Fine Food Corp. currently owns a Saudi Arabian trademark registration and the Saudi Arabian trademark office has decided to reject AFFCO New Zealand Ltd.'s trademark application to register the trademark AFFCO. See Amoudi Decl. ¶¶ 7, 8, Ex. 7; Compl. ¶ 15.

~~21. There is no substantial effect on U.S. commerce and a decision by this Court may conflict with Saudi Arabian law.~~

~~22. No American company is affected by American Fine Food Corp.'s activities in Saudi Arabia. See Compl. ¶ 1.~~

23. American Fine Food Corp. is directed by Fadi Amoudi from Lebanon.

24. AFFCO New Zealand Ltd. is a New Zealand company.

25. American Fine Food Corp.'s goods do not <u>currently</u> filter into the United States.

26. American Fine Food Corp.'s goods are <u>currently</u> manufactured and sold abroad.

27. AFFCO New Zealand Ltd. does not license AFFCO New Zealand Ltd.'s trademark AFFCO to third parties.

28. The Saudi Arabian trademark office has granted American Fine Food Corp. a Saudi Arabian trademark registration.

29. The Saudi Arabian trademark office has issued a decision refusing to grant AFFCO New Zealand Ltd. a Saudi Arabian trademark registration.

30. American Fine Food Corp. has a Saudi Arabian trademark registration. See  Amoudi Decl. ¶ 7, Ex. 7.

31. AFFCO New Zealand has been refused registration in Saudi Arabia. See Compl. ¶ 15.

32. American Fine Food Corp. is selling canned meats ~~under a presumably valid Saudi Arabian registration~~ in Saudi Arabia. See Amoudi Decl. ¶ 9, Ex. 7.

33. AFFCO New Zealand Ltd. lacks a trademark registration in Saudi Arabia. See Amoudi Decl. ¶ 8; Compl. ¶ 15.

34. AFFCO New Zealand filed a trademark infringement suit under the Lanham Act and breach of contract suit against American Fine Food Corp. See gen. Compl.

35. AFFCO New Zealand Ltd. is seeking an injunction.

36. ~~The Saudi Arabian trademark office has issued a decision that may conflict with a decision of this Court. See Amoudi Decl. ¶¶ 7, 8, Ex. 7; Compl. ¶ 15.~~

37. ~~The sale of canned fish in Saudi Arabia has no effect on U.S. commerce. See Amoudi Decl. ¶¶ 9, 17, 19-22.~~

38. The Saudi Arabian trademark office has issued a decision refusing AFFCO New Zealand's trademark registration in Saudi Arabia. See Compl. ¶ 15.

39. American Fine Food Corp.'s canned meats are sold ~~under a presumably valid Saudi Arabian trademark registration~~. See Amoudi Decl. ¶¶ 7-9, Ex. 7.

40. American Fine Food Corp. does not <u>currently</u> sell canned meats in the United States. See Amoudi Decl. ¶¶ 9, 13.

41. American Fine Food Corp. does not <u>currently</u> manufacture, process, or package canned meats in the United States. See Amoudi Decl. ¶¶ 13, 19.

42. American Fine Food Corp. does not <u>currently</u> export canned meat from the United States. See Amoudi Decl. ¶ 17.

43. American Fine Food Corp.'s canned meat is <u>currently</u> packaged in Brazil, Taiwan, and Holland for export to and sale in Saudi Arabia. See Amoudi Decl. ¶ 19.

44. American Fine Food Corp. has a trademark registration in Saudi Arabia. See Amoudi Decl. ¶ 7-9, Ex. 7. 1

**ADDITIONAL MATERIAL FACTS SUBMITTED BY PLAINTIFF AFFCO**

45. AFFCO is a New Zealand based farmers' cooperative that has been exporting meat products from New Zealand to various parts of the world since the early part of the twentieth century (Document, 100197) to the Middle East since 1947 (Documents AFFCO 100000, 100015 – 100019, 100111) and marketed in Saudi Arabia at least since 1983 (Documents AFFCO 100194 – 100197) .

46. Defendant  American Fine operates retail grocery stores in Miami and is a Florida Corporation with its principal place of business at 2335 NW 107th Avenue, Suite 128, Doral Florida 33172.  See: Complaint, Docket No. 1 ("Docket No. 1"); American Fine's Answer and Counterclaim, Docket No. 4 ("Docket No. 4") Paragraph 76.

47. AFFCO sells meat products in the United States under the trademark AFFCO. See: Docket No. 1, Docket No. 4 paragraph 5.

48. American Fine has used the trademark AFFCO on and in connection with a meat product, namely corned beef and hash, and at least as recently as 2006 was, using the mark AFFCO on and in connection with chicken Vienna sausage. See: Docket No. 1, Docket No. 4 paragraph 6.

49.     American filed and prosecuted Service mark application Serial No. 76-463007 to register AFFCO And Device for "services and export services, including the sale of the following products: …" description amending the services to "Retail stores featuring …" followed by a list of products.  See: Docket No. 1, Docket No. 4, paragraph 7.

50.     The 76-463007 Application was published and opposed by AFFCO based on Registration No. 2,474,722 for AFFCO And Device which includes the word AFFCO over a bar and a Southern Cross design.  See: Docket No. 1, Docket No. 4, paragraph 8.

51.  The  settlement Undertaking in the trademark opposition states that American had an obligation to "file an amendment with the trademark office of each foreign country or countries, in which AFFCO currently has a valid mark AFFCO (either by itself or in conjunction with a logo) for meat or meat products and American owns an application or registration for the mark AFFCO or any mark containing the mark AFFCO or the abbreviation AFF, to delete or expressly exclude all meat, fowl or fish and products containing meat, fowl or fish".  See: Docket No. 1, Exhibit, Paragraph E (3) (iv); Docket No. 1,  Docket No. 4,  Paragraph 10(b)

52.     The  settlement Undertaking in the trademark opposition states that American must discontinue use of its mark "for meat, fowl or fish or products containing meat, fowl or fish" in the US "and each foreign country or countries in which AFFCO currently has a valid mark AFFCO (either by itself or in conjunction with. a logo) for meat or meat products".  See: Docket No. 1, Exhibit, Paragraph E (4); Docket No. 1,  Docket No. 4,  Paragraph 10(c)

53.     The  settlement Undertaking in the trademark opposition states that American is prohibited from distribution and is required to destroy nonconforming packaging, advertising and the like in the US "and each foreign country or countries in which AFFCO currently has a valid mark AFFCO (either by itself or in conjunction with a logo) for meat or meat products".  See: Docket No. 1, Exhibit, Paragraph E (5); Docket No. 1,  Docket No. 4,  Paragraph 10(d)

54.     The  settlement Undertaking in the trademark opposition states that American is prohibited from certain use and registration by the obligation to: "never in the future use or register the mark AFFCO or any mark containing the term AFFCO" in the US "and each foreign country or countries in which AFFCO currently has a valid mark AFFCO" (Paragraph E (6)).  S See: Docket No. 1, Exhibit, Paragraph E (6); Docket No. 1,  Docket No. 4,  Paragraph 10(e)

55.     The  settlement Undertaking in the trademark opposition states that American is prohibited from using similar marks, in the US "and each foreign country or countries in which AFFCO currently has a valid mark AFFCO".  See: Docket No. 1, Exhibit, Paragraph E (7); Docket No. 1,  Docket No. 4,  Paragraph 10(f)

56.     The settlement Undertaking in the trademark opposition states that the use and registration restrictions prohibit use or registration in any language in the US "and each foreign country or countries in which AFFCO currently has a valid mark AFFCO".  See: Docket No. 1, Exhibit, Paragraph E (9); Docket No. 1,  Docket No. 4,  Paragraph 10(f)

57.     Exhibit H is expressly referenced in Paragraph E (13) of the Undertaking, which states: "For purposes of this Undertaking, American acknowledges and agrees that AFFCO currently owns a valid mark AFFCO (either by itself or in conjunction with a logo) for meat or meat products, in the territories listed in Exhibit H hereto and made a part of this Undertaking." See: Docket No. 1, Exhibit, with Exhibit H thereto; Docket No. 1,  Docket No. 4,  Paragraph 11.

58.     Exhibit H to the Undertaking, is entitled "TERRITORIES IN WHICH AFFCO NEW ZEALAND LIMITED OWNS THE MARK AFFCO" and lists:

a.   North America
b.   Europe
c.   Russia
d.   Northern Asia
e.   Southeast Asia
f.   New Zealand
g.   South Pacific Islands
h.   United Arab Emirates

    i.   Jordan
    j.   Saudi Arabia

See: Docket No. 1, Exhibit, with Exhibit H thereto; Docket No. 1,  Docket No. 4,  Paragraph 12.

59.    Pursuant to the Undertaking, American's application Serial No. 76-463007 was amended so the description of services in Reg. No. 3,097,027 reads:

> "Retail stores featuring cereals, mayonnaise, salad dressings; sauces, namely, hot sauce, BBQ sauce, steak sauce, Worcestershire sauce; spices/salt, mustard, vinegar, food coloring, vegetable shortening, canned vegetables, beans, peanut butter, pickles, canned juices, fruit pie fillings, honey, bread crumbs, potato flakes, expressly excluding meat, fowl or fish and products containing meat, fowl or fish; paper products, namely, cups, plates, foam cups, plastic cups; lighter fluid; and export agencies featuring cereals, mayonnaise, salad dressings; sauces, namely, hot sauce, BBQ sauce, steak sauce, Worcestershire sauce; spices/salt, mustard, vinegar, food coloring, vegetable shortening, canned vegetables, beans, peanut butter, pickles, canned juices, fruit pie fillings, honey, bread crumbs, potato flakes, expressly excluding meat, fowl or fish and products containing meat, fowl or fish; paper products, namely, cups, plates, foam cups, plastic cups; lighter fluid."

See: Docket No. 1, Docket No. 4, paragraph 13

60.    In the Spring of 2009, Counsel for American asserted that American had "destroyed of all packaging, advertising and promotional materials of any kind bearing the trademark AFFCO for meat and meat products."  That letter went on to state "With respect to the destruction of any existing inventory of products comprising or containing meat, fowl or fish, American Fine Foods Corp. does not have any existing inventory of products comprising or containing meat, fowl or fish."  See: Docket No. 1, Docket No. 4, paragraph 14

61.    Counsel for AFFCO specifically requested from Counsel for American confirmation that American had performed its obligation to file amendments to cancel and expressly exclude meat products, and to not register – under paragraphs E (3) (iv), (6) and (9) of the Undertaking -- in the countries referenced by paragraph E (13) incorporating Exhibit H.  See: Docket No. 1, Docket No. 4**,** paragraph 16

62.     American Fine has not filed amendments to cancel and expressly exclude meat products in the countries referenced by paragraph E (13) incorporating Exhibit H.  See: Docket No. 1, Docket No. 4, paragraph 17.

WHEREFORE, Plaintiff AFFCO respectfully submits this statement of material facts.

Dated: January 5, 2012.                      Respectfully submitted,

                                             /s/ John O. Sutton
                                             John O. Sutton
                                             Florida Bar. No. 245380
                                             alex@jamersonsutton.com
                                             JAMERSON & SUTTON LLP
                                             2655 Le Jeune Road
                                             Penthouse 2
                                             Coral Gables, FL 33134
                                             Tel: (305) 448-1295
                                             Fax: (305) 446-5236
                                             Counsel for Plaintiff

Of Counsel:

David C. Brezina
Ladas & Parry LLP
224 S Michigan Ave.
Suite 1600
Chicago, IL 60604
(312) 427-1300

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 5, 2012 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                             /S John O. Sutton
                                             John O. Sutton, Esq.

## SERVICE LIST
**AFFCO NEW ZEALAND, LTD., V. AMERICAN FINE FOOD CORP.**
**CASE NO.: 10-CIV-24105-JLK**
**United States District Court for the Southern District of Florida**

Matthew S. Nelles, Esq.
Florida Bar No.: 009245
mnelles@broadandcassel.com
Broad & Cassel
One Financial Plaza, Ste. 2700
100 S.E. 3rd Ave.,
Ft. Lauderdale, FL 33394
Tel:  (954) 764-7060
Fax:  (954) 761-8135
Counsel for Defendant

Arlen L. Olsen, Esq.
Schmeiser, Olsen & Watts, LLP
aolsen@iplawusa.com
22 Century Hill, Ste. 302
Latham, NY 12110
Tel:  (518) 220-1850
Fax: (518) 220-1857
Counsel for Defendant

David C. Brezina, Esq.
Ladas & Parry, LLP
dbrezina@ladas.net
224 S. Michigan Avenue, Ste. 1600
Chicago, IL 60604
Tel:  (312) 427-1300
Counsel for Plaintiff