UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO: 10-24105-CIV-KING

AFFCO NEW ZEALAND, LTD.,
a foreign corporation,

        Plaintiff,

v.

AMERICAN FINE FOOD CORP.,
a New York corporation,

        Defendant.
_____/

## ORDER DENYING PLAINTIFF'S MOTION TO FILE SUPPLEMENTAL RESPONSE TO DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND DENYING MOTION FOR EXTENSION OF TIME

**THIS MATTER** comes before the Court upon Plaintiff's Supplemental Response to Motion for Partial Summary Judgment Based on New Rule 56(d) Issue (DE #25) and Motion for Extension of Time of 45 Days (DE #26), both filed January 28, 2012. Therein, Plaintiff AFFCO New Zealand, Ltd. ("AFFCO") seeks to delay this Court's ruling on Defendant American Fine Food Corp.'s ("American") Motion for Partial Summary Judgment so that AFFCO can conduct additional discovery beyond the February 1, 2012 discovery cut-off and file a supplemental response to American's Motion for Partial Summary Judgment. Upon careful consideration of AFFCO's Motion, American's Response in Opposition thereto (DE #27), and the docket, the Court finds it must deny the motions.

On November 16, 2010, AFFCO filed a Complaint (DE #1), alleging breach of

contract and violation of the Lanham Act. With respect to the Lanham Act claims, AFFCO alleges that "American's sale of meat and meat products under the trademark AFFCO has caused a likelihood of consumer confusion with AFFCO's registered trademark [that] has caused injury to AFFCO's goodwill and business." (Compl. DE #1, ¶¶ 29 & 30).

Currently pending before the Court is American's Motion for Partial Summary Judgment on AFFCO's Lanham Act claim. In the Motion for Partial Summary Judgment, American argues that this Court does not have "federal subject matter jurisdiction under the Lanham Act because American Fine Food Corp.'s goods do not pass through U.S. commerce or U.S. foreign trade."[1] (Def's Mo. for Sum. J., DE #16-2, at 4). In response, AFFCO claims that "[American] has, in the past, sold meat, and it does operate retail grocery stores in the US, within the jurisdiction of this Court." (Pl's Resp. to Def's Mo. for Sum. J., DE #22, at 8). In its Reply, American denies the claims that it currently operates retail stores in the United States. (Def's Reply to Mo. for Sum. J, DE #23).

With the instant motions, AFFCO seeks to engage in additional discovery pursuant to Rule 56(d) of the Federal Rules of Civil Procedure. Rule 56(d) provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court *may*: (1) defer considering the motion or

---

[1] Upon the filing of American's Motion for Partial Summary Judgment, AFFCO moved to amend the complaint to allege "new" facts in support of subject matter jurisdiction, such as American's past sales in the United States. (DE #21). The Court denied AFFCO's motion to amend, finding the motion to be without merit given the late stage of litigation. (DE #24).

2

deny it; [or] (2) allow time to obtain affidavits or declarations or to take discovery . . . ." FED. R. CIV. P. 56(d). Here, AFFCO argues that American's denial of AFFCO's claim that American operates retails stores in the United States creates a new fact issue that needs to be developed through discovery prior to a ruling on American's Motion for Summary Judgment. In opposition to AFFCO's motion to supplement the summary judgment, American argues that further discovery into whether American maintains or maintained stores in the United States is unnecessary given the 14-month discovery period.

Upon review of the pleadings, the Court finds that AFFCO's instant Rule 56(d) motion is nothing more than an eleventh-hour attempt to introduce a factual issue regarding this Court's subject matter jurisdiction as it relies on a nexus to United States commerce. AFFCO has had over 14 months of discovery, including a continuance of the initial scheduling order, to pursue this and any theory linking American's commercial ventures to United States economy, and discovery is now closed. In addition, this Court has already ruled that litigation has progressed beyond a point where AFFCO may begin pursuing new theories requiring additional discovery when it denied AFFCO's Motion for Leave to File Amended Complaint on January 26, 2012. (DE #24). Accordingly, the Court finds no reason to continue discovery and delay its ruling on American's Motion for Partial Summary Judgment.

After consideration of the pleadings and careful review of the record and being otherwise fully advised in the premises, it is hereby **ORDERED, ADJUDGED, and**

3

**DECREED** that Plaintiff's Supplemental Response to Motion for Partial Summary Judgment Based on New Rule 56(d) Issue (**DE #25**) be, and the same is hereby, **DENIED**.

It is further **ORDERED, ADJUDGED, and DECREED** that the Motion for Extension of Time of 45 Days (**DE #26**) be, and the same is hereby, **DENIED**.

**DONE and ORDERED** in chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida this 22d day of February, 2012.

_____
JAMES LAWRENCE KING
U.S. DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc:

*Counsel for Plaintiff*

**David C. Brezina**
Ladas & Parry, LLP
224 S. Michigan Avenue
Suite 1600
Chicago, IL 60604
312-427-1300
Email: dbrezina@ladas.net

**John Otto Sutton**
Jamerson Sutton & Surlas
2655 Le Jeune Road
Penthouse 2
Coral Gables, FL 33134
305-448-1295
Fax: 446-5236
Email: alex@jamersonsutton.com

*Counsel for Defendant*

**Autondria S. Minor**

Schmeiser, Olsen & Watts, LLP
22 Century Hill Drive
Suite 302
Lathan, NY 12110
518-220-1850
Email: aminor@iplawusa.com

**Arlen L. Olsen**
Schmeiser, Olsen & Watts, LLP
22 Century Hill Drive
Suite 302
Latham, NY 12110
518-220-1850
Fax: 480-655-9536
Email: aolsen@iplawusa.com

**Matthew Scott Nelles**
Broad and Cassel
One Financial Plaza
Suite 2700
Fort Lauderdale, FL 33394
954 764-7060
Fax: 954 761-8135
Email: mnelles@broadandcassel.com